## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **GENESIS SERVICES, INC.** | **CIVIL ACTION NO.: 6:16-CV-00613** |
| **VERSUS** | **JUDGE:** |
| **SCREENS PLUS, INC.** | **MAGISTRATE:** |

## ORIGINAL COMPLAINT
## ON OPEN ACCOUNT

**NOW INTO COURT**, through undersigned counsel, comes and appears, **GENESIS SERVICES, INC.**, and respectfully avers as follows:

### PARTIES AND JURISDICTION

1.

**GENESIS SERVICES, INC.** (**"Genesis"**) is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in Crowley, Louisiana.

2.

Defendant herein is **SCREENS PLUS, INC.** (**"Screens"**), a corporation organized under the laws of the state of Texas, with its principal place of business at Aledo, Texas, which may be served through its registered agent, Carolyn Ann Wilson, 3450 Alemeda, Suite 347, Fort Worth, TX  76126.

3.

A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business for purposes of diversity jurisdiction. *28 USC §1332*. Accordingly, Genesis is a citizen of the state of

Louisiana, and Screens is a citizen of the state of Texas for diversity jurisdiction purposes.

4.

Since Genesis is a citizen of the state of Louisiana and Screens is a citizen of the state of Texas, there is complete diversity of citizenship between the parties pursuant to *28 USC §1332*.

5.

The amount in controversy in this matter is at least $156,609.97 and, hence, the diversity jurisdictional threshold of $75,000 is clearly met. Thus, this Court has subject matter jurisdiction over this matter.

**PERSONAL JURISDICTION AND VENUE**

6.

This is an open account action brought pursuant to *La. R.S. 9:2781*.

7.

Venue is proper in this court pursuant to *28 USC §1391(b)(2)* because a substantial part of the events or omissions giving rise to Genesis' claims occurred in this judicial district.

8.

Screens purposefully purchased from Genesis shaker screens manufactured by Genesis in Louisiana on open account totaling $156,609.97 over the course of the year 2015.

9.

Screens has consistently and regularly transacted business in this state, and this cause of action arises from Screens' transacted business in this state and lack of payment for goods and services purchased and delivered to the possession of Screens in the State of Louisiana. Consequently, the filing of suit in Louisiana does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).  As such, this

Court has personal jurisdiction over Screens.

## FACTS

### 10.

Beginning in January of 2015, Screens purchased shaker screens on open account from Genesis and continued to do so throughout the year.  An itemized listing of all invoices submitted to Screens, the payments that have been received by Genesis and the amounts currently outstanding are detailed below:

| Date | Invoice No. | Amount | Payments | Outstanding Balance |
|---|---|---|---|---|
| 01/21/2015 | 10224 | $11,490.40 | $6,357.42 | $5,132.98 |
| 01/30/2015 | 10234 | $4,480.35 | $0.00 | $4,480.35 |
| 02/25/2015 | 10261 | $4,268.01 | $0.00 | $4,268.01 |
| 03/04/2015 | 10267 | $2,377.41 | $0.00 | $2,377.41 |
| 03/10/2015 | 10271 | $4,228.76 | $0.00 | $4,228.76 |
| 03/10/2015 | 10272 | $1,274.76 | $0.00 | $1,274.76 |
| 03/16/2015 | 10277 | $5,115.30 | $0.00 | $5,115.30 |
| 03/17/2015 | 10279 | $4,041.20 | $0.00 | $4,041.20 |
| 03/18/2015 | 10282 | $3,393.18 | $0.00 | $3,393.18 |
| 03/24/2015 | 10288 | $4,268.35 | $0.00 | $4,268.35 |
| 03/30/2015 | 10295 | $11,617.74 | $0.00 | $11,617.74 |
| 03/31/2015 | 10298 | $1,238.44 | $0.00 | $1,238.44 |
| 04/27/2015 | 10308 | $7,572.92 | $0.00 | $7,572.92 |
| 05/13/2015 | 10322 | $10,126.49 | $0.00 | $10,126.49 |

| Date | Invoice No. | Amount | Payments | Outstanding Balance |
|---|---|---|---|---|
| 06/01/2015 | 10332 | $2,113.41 | $0.00 | $2,113.41 |
| 06/09/2015 | 10335 | $2,017.41 | $0.00 | $2,017.41 |
| 06/10/2015 | 10336 | $5,991.72 | $0.00 | $5,991.72 |
| 06/18/2015 | 10346 | $3,980.98 | $0.00 | $3,980.98 |
| 06/24/2015 | 10351 | $1,624.24 | $0.00 | $1,624.24 |
| 06/29/2015 | 10352 | $2,068.24 | $0.00 | $2,068.24 |
| 07/06/2015 | 10361 | $3,923.99 | $0.00 | $3,923.99 |
| 07/20/2015 | 10373 | $4,036.46 | $0.00 | $4,036.46 |
| 07/23/2015 | 10379 | $6,895.68 | $0.00 | $6,895.68 |
| 07/29/2015 | 10381 | $2,163.04 | $0.00 | $2,163.04 |
| 07/30/2015 | 10383 | $4,094.22 | $0.00 | $4,094.22 |
| 08/10/2015 | 10386 | $2,830.59 | $0.00 | $2,830.59 |
| 08/12/2015 | 10388 | $4,025.34 | $0.00 | $4,025.34 |
| 08/27/2015 | 10397 | $5,389.15 | $0.00 | $5,389.15 |
| 09/14/2015 | 10412 | $6,219.68 | $0.00 | $6,219.68 |
| 09/15/2015 | 10415 | $1,636.46 | $0.00 | $1,636.46 |
| 09/15/2015 | 10417 | $2,080.46 | $0.00 | $2,080.46 |
| 09/17/2015 | 10420 | $4,032.64 | $0.00 | $4,032.64 |
| 09/24/2015 | 10425[1] | $-11,880.00 | $0.00 | $-11,880.00 |

---

1 Credit Memo.
[2] Credit Memo.

| Date | Invoice No. | Amount | Payments | Outstanding Balance |
|---|---|---|---|---|
| 09/24/2015 | 10426[2] | $-1,620.00 | $0.00 | $-1,620.00 |
| 09/24/2015 | 10428 | $3,756.23 | $0.00 | $3,756.23 |
| 09/28/2015 | 10431 | $1,620.00 | $0.00 | $1,620.00 |
| 10/05/2015 | 10436 | $3,471.76 | $0.00 | $3,471.76 |
| 10/12/2015 | 10440 | $1,936.11 | $0.00 | $1,936.11 |
| 10/12/2015 | 10441 | $3,200.78 | $0.00 | $3,200.78 |
| 10/13/2015 | 10444 | $2,829.54 | $0.00 | $2,829.54 |
| 10/21/2015 | 10455 | $1,722.89 | $0.00 | $1,722.89 |
| 10/28/2015 | 10463 | $2,829.54 | $0.00 | $2,829.54 |
| 11/04/2015 | 10467 | $3,900.48 | $0.00. | $3,900.48 |
| 11/25/2015 | 10490 | $4,140.48 | $0.00 | $4,140.48 |
| 12/14/2015 | 10493 | $2,216.85 | $0.00 | $2,216.85 |
| 01/04/2016 | 10505 | $4,225.71 | $0.00 | $4,225.71 |
| **TOTALS** | | **$162,967.39** | **$6,357.42** | **$156,609.97** |

See **Exhibit "A"** - Genesis Services, Inc. Statement of Account for Screens Plus, Inc. with invoices (*in globo*).

11.

The principal balance of the Screens Open Account is $156,609.97 after application of all payments and offsets, if any.

12.

On or about March 17, 2016, Sonya Simon, Executive Manager with Genesis mailed a

---

[2] Credit Memo.

certified letter to Screens, Art. No. **7013 2250 0002 1262 7606**, regarding its outstanding balance of $156,609.97 and asking that full payment be made by March 27, 2016. Screens refused to claim the letter. See **Plaintiff's Exhibit "B".**

13.

Genesis has fully and faithfully provided all of the invoiced items to Screens.

14.

Despite Genesis' repeated requests to Screens to pay all outstanding sums currently due and owing to Genesis, Screens has wholly failed to pay the outstanding sums owed to Genesis.

15.

In accordance with *La. R.S. 9:2781 A*, in the event a party fails to pay an open account within 30 days after the claimant sends written demand therefor correctly setting forth the amount owed, that person is liable to the claimant for reasonable attorney's fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. More than 30 days have elapsed since Genesis sent written demand correctly setting forth the amount owed; consequently, Screens is liable for reasonable attorney's fees for the prosecution and collection of this claim.

16.

Alternatively, in the event that the aforementioned March 17, 2016 letter that was sent by Genesis to Screens is not deemed sufficient notice under *La. R.S. 9:2781* A to trigger Screen's liability for attorney's fees, under *La. R.S. 9:2781E*, in the event that Screens fails to pay the aforementioned amount owed to Genesis within fifteen (15) days of service of Citation and the Complaint,  Genesis further prays for reasonable attorney's fees and costs for bringing this action, including attorney fees incurred before judgment, as well as after judgment if Genesis is

required to enforce the judgment through a writ of *fieri facias*, writ of seizure and sale, judgment debtor examination, garnishment, or other post-judgment judicial process.

**WHEREFORE**, **GENESIS SERVICES, INC**. respectfully prays that its Complaint for Open Account be filed and duly served upon defendant, **SCREENS PLUS, INC.**, and that after all due proceedings there be judgment in favor of the Genesis, **GENESIS SERVICES, INC.**, against the Defendant, **SCREENS PLUS, INC.**, and upon final hearing that the Court grant the following relief:

a. In the full sum of **ONE HUNDRED FIFTY-SIX THOUSAND SIX HUNDRED NINE DOLLARS AND NINETY-SEVEN CENTS ($156,609.97)**;

b. Pre-judgment and post-judgment interest as provided by law;

c. All reasonable and necessary attorneys' fees as provided by law;

d. Reserving to the Genesis all rights under La.R.S. 9:2781(F) to seek post-judgment attorney fees and additional court costs incurred attorney fees on. the principal demand associated with enforcement of the judgment.

e. Costs of court; and

f. Such further relief, at law and in equity, to which Genesis may show themselves justly entitled to receive.

Respectfully submitted,

**RICHARD D. MORENO, LLC**

BY: /s/ RICHARD D. MORENO
RICHARD D. MORENO #20974
125 West School Street
Post Office Box 149 (70602-0149)
Lake Charles, LA 70605
Phone: (337) 656-8654
Fax: (337) 433-9536
Email: richard@rdmorenolaw.com

**HUVAL, VEAZEY, FELDER & RENEGAR, L.L.C.**

BY:/s/ G. ANDREW VEAZEY
G. ANDREW VEAZEY #21929, T.A.
BRADFORD H. FELDER #25046
2 Flagg Place
Post Office Box 80948
Lafayette, Louisiana 70598-0948
Phone: (337) 234-5350
Fax: (337) 234-5310
Email: aveazey@hvfr-law.com

**ATTORNEYS FOR GENESIS SERVICES, INC.**