UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GENESIS SERVICES, INC.                     CIVIL ACTION NO. 6:16-CV-00613

VERSUS                                     JUDGE DOHERTY

SCREENS PLUS, INC.                         MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending is the application for default judgment (Rec. Doc. 12), which was filed by the plaintiff, Genesis Services, Inc., seeking the entry of a default judgment against the defendant, Screens Plus, Inc.  The deadline for filing an opposition has expired,[1] and no opposition brief was field.  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be GRANTED.

### BACKGROUND

In its complaint, Genesis Services, Inc. alleged that the defendant, Screens Plus, Inc., purchased shaker screens from Genesis on open account but failed to pay for them.  Genesis alleged that Screens Plus owes $156,609.97 on the open account.  Genesis allegedly demanded that the past due amount be paid, but the

---

[1]     LR 7.5W states that opposition shall be filed within twenty-one days after service of the motion.

correspondence, which was sent by certified mail return receipt requested, was not claimed by Screens Plus.  In this lawsuit, Genesis seeks to recover the allegedly past due amount plus attorneys' fees in the amount of $3,823.50 and litigation costs in the amount of $544.01.

Genesis's complaint was filed on May 4, 2016.  It alleges that Genesis is a Louisiana corporation with its principal place of business in Louisiana, that Screens Plus is a Texas corporation with its principal place of business in Texas, that Genesis seeks recovery under Louisiana's Open Account Statute, La. R.S. 9:2781, in the amount of $156,609.97 plus attorneys' fees and costs, and that the court's subject-matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Attached to the complaint were copies of the unpaid invoices and a copy of Genesis's demand letter to Screens Plus dated March 17, 2016.

To date, Screens Plus has not responded to the complaint.  On August 29, 2016, the Clerk of Court issued a notice of entry of default.  (Rec. Doc. 10).  On October 11, 2016, Genesis filed the instant motion for default judgment.  (Rec. Doc. 12). Screens Plus has not filed a response.

## LAW AND ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs applications for default judgment.  It states that a default judgment is proper "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[2]  However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[3]  Therefore, even when a defendant is technically in default, a "party is not entitled to a default judgment as a matter of right."[4]  This principle, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."[5]  Therefore, the entry of a default judgment is committed to the discretion of the district court.[6]

## A.   THE PROCEDURAL REQUIREMENTS FOR A DEFAULT JUDGMENT HAVE BEEN SATISFIED

Three procedural steps are required to obtain a default judgment:  (1) default by the defendant; (2) entry of default by the Clerk of Court's office; and (3) issuance of a default judgment by the district court.[7]

---

[2]   Fed. R. Civ. P. 55(a).

[3]   *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

[4]   *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[5]   *Rogers v. Hartford Life & Acc. Ins. Co*., 167 F.3d 933, 936 (5th Cir. 1999) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)).

[6]   *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

[7]   *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

A default occurs when a defendant fails to respond to the complaint within the time required by the Federal Rules of Civil Procedure.[8]  The Clerk of Court must enter default when the defendant's failure to plead is shown by affidavit or otherwise.[9]  Such a showing must establish that the defendant was properly served but failed to file an answer.[10]  Therefore, "the propriety of the entry of default is dependent on the propriety of service."[11]

This Court finds that the defendant in this case was properly served.  Federal Rule of Civil Procedure 4(h) describes the process for serving a corporation, partnership, or association.  If the defendant entity is served within a judicial district of the United States, it may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."[12]  Rule 4(e)(1) explains that to serve an individual, the individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or

---

[8]   *New York Life Ins. Co. v. Brown*, 84 F.3d at 141.

[9]   Fed. R. Civ. P. 55(a).

[10]   *Cycle Sport, L.L.C. v. Dinli Metal Indus. Co., Ltd.*, No. 3:07-CV-00253-O, 2008 WL 4791544, at *3 (N.D. Tex. Oct. 30, 2008).

[11]   *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-cv-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016).  See, also, *Cycle Sport v. Dinli*, 2008 WL 4791544, at *3.

[12]   Fed. R. Civ. P. 4(h)(1)(A-B).

-4-

where service is made."  In this case, the complaint alleged that Screens Plus is a Texas corporation with its principal place of business and agent for service of process in Texas.  (Rec. Doc. 1 at 1).  Thus, under Rule 4(e)(1), this Court must look to Texas's rules of civil procedure to ascertain the propriety of service.

Genesis submitted an affidavit in support of its motion for entry of default, which established that Genesis unsuccessfully attempted to serve the complaint on Screens Plus's last known agent for service of process.  (Rec. Doc. 9-1 at 1).  Copies of the summons and complaint were then served on the Texas Secretary of State. (Rec. Doc. 9-1 at 1).  Under Texas law, the Texas Secretary of State is designated as an agent for service of process for registered business entities when "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."[13]  Under Texas law, reasonable diligence does not require the process server "to attempt to find the registered agent at any other address than the address for the registered office."[14]  Similarly, reasonable diligence does not require a plaintiff "to ascertain the names of and serve [a corporation's] officers or find [the registered

---

[13]     Texas Business Organizations Code § 5.251 and 5.252.

[14]     *John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *1, n. 2 (N.D. Tex. May 1, 2013); *Catlin Specialty Ins. Co. v. Montelongo Inc.*, No. SA-12-CV-711-XR, 2012 WL 5183585, at *1 (W.D. Tex. Oct. 18, 2012); *Little v. D & D Helping Others, Inc.*, No. H-06-3295, 2008 WL 4525398, at *3 (S.D. Tex. Oct. 2, 2008).

-5-

agent's] new address and telephone number."[15]  It is the "[corporation's] responsibility to notify the Secretary of State of a change to either its registered agent or his address."[16]  If a corporation fails to do so, the corporation cannot later complain that it did not have notice of the suit when the Secretary of State attempted to forward service of process to the address of the registered office on file.[17]  In such a case, "the failure of the method of service. . . [is] the result of [the corporation's] own failure to comply with the statutory requirements which were designed to assure it of notice of pending suits, not of any failure on the part of [plaintiff]."[18]  Furthermore, just one attempt at service on the registered agent at the registered agent's address may constitute reasonable diligence if further attempts at the address would be futile.[19]

---

[15]    *Catlin Specialty Ins. Co. v. Montelongo Inc*., 2012 WL 5183585, at *1 (quoting *Liberty Label Co., Inc. v. Morgan Adhesives Co*., 2005 WL 1475332, at *1 (Tex.App.-San Antonio 2005).

[16]    *Catlin Specialty Ins. Co. v. Montelongo Inc*., 2012 WL 5183585, at *1 (quoting *Liberty Label Co., Inc. v. Morgan Adhesives Co*., 2005 WL 1475332, at *1.

[17]    *Little v. D & D Helping Others, Inc*., 2008 WL 4525398, at *3 (citing *TXXN, Inc. v. D/FW Steel Co*., 632 S.W.2d 706, 709 (Tex.App.-Fort Worth 1982, no writ)).

[18]    *Little v. D & D Helping Others, Inc*., 2008 WL 4525398, at *3 (quoting *TXXN, Inc. v. D/FW Steel Co*., 632 S.W.2d at 709).

[19]    *Catlin Specialty Ins. Co. v. Montelongo Inc*., 2012 WL 5183585, at *1 (citing *Liberty Label Co., Inc. v. Morgan Adhesives Co*., 2005 WL 1475332, at *1, and *Ingram Indus. Inc. v. U.S. Bolt Mfg*., 121 S.W.3d 31, 33-34 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Little v. D & D Helping Others, Inc*., 2008 WL 4525398, at *3.

In this case, Genesis exercised reasonable diligence by attempting personal service on Screens Plus's registered agent.  (Rec. Doc. 6, Rec. Doc. 7 at 1-2).  The process was returned to the sender with a handwritten notation that the agent had not been at that address since March 2014.  (Rec. Doc. 6, Rec. Doc. 7 at 2).  Further attempts to serve the agent at the same address would, therefore, have been futile. After that effort at service failed, Genesis mailed the complaint and summons to the Texas Secretary of State by certified mail return receipt requested, and asked that another attempt be made to serve Screens Plus.  (Rec. Doc. 9-1 at 1, Rec. Doc. 8). Genesis properly accomplished service when the complaint and summons were received by Secretary of State.[20]  The Secretary of State then forwarded the complaint and summons to Screens Plus.  However, the process was returned to the Secretary of State.  (Rec. Doc. 8).  Delivery of the complaint and summons to the Texas Secretary of State constituted proper service in accordance with Texas law. Therefore, Screens Plus was properly served.[21]  After being properly served, Screens Plus failed to appear.  Therefore, default has occurred in this case.

---

[20]     See Tex. Civ. Prac. & Rem. Code Ann. § 17.026(a); *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).

[21]     *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *Pathway Senior Living LLC v. Pathways Senior Living LLC*, 2016 WL 1059536, at *2.

Based upon the information provided by Genesis, the Clerk of Court entered default on August 29, 2016.  (Rec. Doc. 10)

After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on the default, which the plaintiff has done in this case.  Before issuing a judgment of default, the court must ascertain that the defendant is neither a minor, an incompetent person, or in military service or otherwise subject to the Soldiers and Sailors Relief Act of 1940.[22]  Because it is a corporation, Screens Plus is neither a minor nor an incompetent person, nor can it be active in military service.[23]  Therefore, those factors do not preclude a default judgment in this case.

When the defendant has appeared in the action prior to the issuance of a judgment of default, the defendant must be provided with notice of the application for default judgment at least three days prior to the hearing on the default judgment.[24]  In this case, however, this requirement need not be met since Screens Plus has not appeared in the suit.

Accordingly, this Court concludes that all of the procedural prerequisites for the issuance of a default judgment have been satisfied in this case.

_____

[22]    Fed. R. Civ. P. 55(a).

[23]    See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521(a), (b)(1)(A)-(B).

[24]    Fed. R. Civ. P. 55(b)(2).

**B.** **THERE IS A SUFFICIENT BASIS IN THE PLEADINGS FOR THE JUDGMENT**

Before a default judgment can be issued, it is necessary to "assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment."[25] Genesis asserted a claim against Screens Plus under the Louisiana Open Account Statute, La. R.S. 9:2781, seeking to recover money owed plus costs and attorneys' fees.  In particular, Genesis is seeking to recover unpaid sums for the purchase of shaker screens manufactured and sold by Genesis to Screens Plus.  This Court has carefully reviewed the facts set forth in Genesis's complaint, the evidence attached thereto, and the evidence submitted in support of the motion for default judgment as well as the applicable law and jurisprudence.  This Court finds that Genesis has established, by admitted facts and competent evidence, that Screens Plus is liable to Genesis for unpaid purchase invoices as authorized under La. R.S. 9:2781.  The plaintiff alleged that the defendant owes it a substantial sum of money and, on the record before the court, the defendant deliberately failed to defend this action, despite fair notice.

---

[25]     *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## C.   ISSUANCE OF A DEFAULT JUDGMENT IS APPROPRIATE

A district court in the Fifth Circuit looks to the following six factors when considering whether to grant a default judgment:  1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; 3)whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think it was obligated to set aside the default on the defendant's motion.[26]  Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party.[27]  Having considered the relevant factors, this Court concludes that default judgment is warranted.

First, there are no material facts in dispute.  Upon entry of default by the Clerk of Court, Screens Plus is deemed to have admitted to the allegations of the complaint. When, as in this case, a default has been entered by the Clerk of Court under Fed. R. Civ. P. 55(a), the factual allegations of the complaint are taken as true,[28] but "a defendant's default does not in itself warrant the court in entering a default judgment;" rather, "[t]here must be a sufficient basis in the pleadings for the judgment

---

[26]     *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[27]     *Chavers v. Hall*, 488 Fed. App'x 874, 878-79 (5th Cir. 2012)

[28]     10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2688 (3d ed. 1998).

entered."[29]   Only well-pleaded facts, not conclusions of law, are presumed to be true.[30]

In determining whether there is a sufficient basis in the pleadings for judgment, the

Fifth Circuit "draw[s] meaning from the case law on Rule 8."[31]   Factual allegations

in the complaint need only "be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)."[32]   Detailed factual allegations are not required.[33]   This standard

creates a low threshold.[34]   Taking the factual allegations set forth in the complaint and

exhibits as true, as explained above, this Court finds that the plaintiff has asserted a

plausible claim against the defendant.

Second, it is undisputed that Screens Plus has not responded to the complaint

since service of the complaint.   Therefore, Screens Plus's "failure to respond

---

[29]        *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d at 1206.

[30]        *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d at 1206.

[31]        *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 497 (5th Cir. 2015).

[32]        *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[33]        *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d at 498 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[34]        *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d at 498.

threatens to bring the adversary process to a held, effectively prejudicing [Genesis's] interests."[35]

Third, the grounds for default judgment against Screens Plus are clearly established, as outlined above.

Fourth, there is no evidence indicating that the defendant's failure to answer or file a responsive pleading was the result of a good faith mistake or excusable neglect.  Instead, it appears that the failure to answer is the result of Screen Plus's deliberate failure to update its agent's identity and address with the Texas Secretary of State as well as its deliberate failure to accept mail addressed to its place of business in Louisiana.

Fifth, Screens Plus has had over five months to answer or otherwise respond to the plaintiff's complaint, mitigating the harshness of a default judgment.  Service was attempted at the address of its registered agent for service of process and at its principal place of business.  Service was then effected as permitted by Texas statutory law.  The defendant's failure to file a responsive pleading despite multiple attempts to collect on the debt and to make the defendant aware of the lawsuit mitigates the harshness of the default judgment.

---

[35]     *Taylor v. City of Baton Rouge*, 39 F.Supp.3d 807, 814 (M.D. La. 2014).

Finally, this Court is unaware of any facts that would give rise to "good cause" to set aside the default judgment if challenged by Screens Plus.

Accordingly, the factors that must be considered before a default judgment can be entered point to the conclusion that it would be appropriate to issue default judgment in this case.

## D.   THE CALCULATION OF DAMAGES

The final step in the default judgment analysis is the determination of what relief, if any, the plaintiff should receive.  Louisiana's open account statute, La. R.S. § 9:2781, states, in pertinent part:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.  Citation and service of a petition shall be deemed written demand for the purpose of this Section.  If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant.  Receipt of written demand by the person is not required.

Damages for a default judgment must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts.[36]  If the amount

---

[36]     See *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary.[37]  In this case, there is a sufficient basis in the pleadings to support a default judgment, and damages can be calculated with reasonable certainty without a hearing.

Genesis alleged that it was entitled to a judgment against Screens Plus in the amount of $156,609.96 for unpaid invoices plus costs in the amount of $544.01 and attorneys' fees in the amount of $3,823.50.  This amount is verified by the affidavit of Michael Beard, Genesis's president (Rec. Doc. 12-1); the affidavit of G. Andrew Veazey, Genesis's attorney (Rec. Doc. 12-2); and the invoices that were attached to the complaint (Rec. Doc. 1-1 at 2-47).  Genesis issued the following invoices to Screens Plus for the payment of screens purchased by Screens Plus:

(1)  No. 10224, dated 01/21/2015, for $11,490.40 less a credit of $6,357.42, for a net of  $5,132.98
(2)  No. 10234, dated 01/30/2015, for $4,480.35
(3)  No. 10261, dated 02/25/2015, for $4,268.01
(4)  No. 10267, dated 03/04/2015 , for $2,377.41
(5)  No. 10271, dated 03/10/2015, for $4,228.76
(6)  No. 10272, dated 03/10/2015, for $1,274.76
(7)  No. 10277, dated 03/16/2015, for $5,115.30
(8)  No. 10279, dated 03/17/2015, for $4,041.20
(9)  No. 10282, dated 03/18/2015, for $3,393.18
(10) No. 10288, dated 03/24/2015, for $4,268.35
(11) No. 10295, dated 03/30/2015, for $11,617.74
(12) No. 10298, dated 03/31/2015, for $1,238.44

---

[37]     *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

(13)  No. 10308, dated 04/27/2015, for $7,572.92

(14)  No. 10322, dated 05/13/2015, for $10,126.49

(15)  No. 10332, dated 06/01/2015, for $2,113.41

(16)  No. 10335, dated 06/09/2015, for $2,017.41

(17)  No. 10336, dated 06/10/2015, for $5,991.72

(18)  No. 10346, dated 06/18/2015, for $3,980.98

(19)  No. 10351, dated 06/24/2015, for $1,624.24

(20)  No. 10352, dated 06/29/2015, for $2,068.24

(21)  No. 10361, dated 07/06/2015, for $3,923.99

(22)  No. 10373, dated 07/20/2015, for $4,036.46

(23)  No. 10379, dated 07/23/2015, for $6,895.68

(24)  No. 10381, dated 07/29/2015, for $2,163.04

(25)  No. 10383, dated 07/30/2015, for $4,094.22

(26)  No. 10386, dated 08/10/2015, for $2,830.59

(27)  No. 10388, dated 08/12/2015, for $4,025.34

(28)  No. 10397, dated 08/27/2015, for $5,389.15

(29)  No. 10412, dated 09/14/2015, for $6,219.68

(30)  No. 10415, dated 09/15/2015, for $1,636.46

(31)  No. 10417, dated 09/15/2015, for $2,080.46

(32)  No. 10420, dated 09/17/2015, for $4,032.64

(33)  No. 104251, dated 09/24/2015, for $-11,880.00

(34)  No. 104262, dated 09/24/2015, for $-1,620.00

(35)  No. 10428, dated 09/24/2015, for $3,756.23

(36)  No. 10431, dated 09/28/2015, for $1,620.00

(37)  No. 10436, dated 10/05/2015, for $3,471.76

(38)  No. 10440, dated 10/12/2015, for $1,936.11

(39)  No. 10441, dated 10/12/2015, for $3,200.78

(40)  No. 10444, dated 10/13/2015, for $2,829.54

(41)  No. 10455, dated 10/21/2015, for $1,722.89

(42)  No. 10463, dated 10/28/2015, for $2,829.54

(43)  No. 10467, dated 11/04/2015,for $3,900.48

(44)  No. 10490, dated 11/25/2015, for $4,140.48

(45)  No. 10493, dated 12/14/2015, for $2,216.85

(46)  No. 10505, dated 01/04/2016, for $4,225.71

Screens Plus made no payments on any of these invoices, which total the sum of $156,609.97.

Louisiana's open account law provides for an award of reasonable attorney's fees for the prosecution and collection of a claim when judgment on the claim is rendered in favor of the claimant.[38]  Thus, an award of attorney's fees is appropriate in this case.  Importantly, "[d]istrict courts are vested with great discretion in arriving at an award of attorneys' fees."[39]  However, under Louisiana law, the trial court must award a reasonable fee commensurate with the required level of legal services performed.[40]  Moreover, in evaluating a motion for attorneys' fees, the court must consider the entire record, including discovery, pretrial motions, the number and complexity of the legal issues involved, and the length of trial, if applicable.[41]

Genesis sued to recover the unpaid balance of an open account, alleging that it was entitled to a judgment against Screens Plus in the amount of $156,609.97 plus costs in the amount of $544.01 and attorneys' fees in the amount of $3,823.50.

---

[38]     La. R.S. § 9:2781(A).

[39]     *ORX Resources, Inc. v. MBW Exploration, L.L.C.*, 2009-0662, 2009-0859; 32 So.3d 931, 938 (La. App. 4 Cir. 2/10/10).

[40]     *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 690 (5th Cir. 1991).

[41]     *Richardson v. Parish of Jefferson*, 98-625; 727 So.2d 705, 707 (La. App. 5 Cir. 2/10/99) ("A reasonable attorney's fee is determined by the facts of an individual case.").

Genesis submitted affidavits and copies of the invoices, showing that it was entitled to the amounts requested.

Having considered the foregoing facts in light of the factors articulated by Louisiana's state courts, the undersigned concludes that the attorneys' fees claimed in this matter are reasonable.  This Court notes that Louisiana courts have routinely upheld 25% attorneys' fees as reasonable in open account cases.[42]  In this case, the amount sought is far less than 25% of the judgment.  Given the results obtained in this case, the undersigned finds that an award of attorneys' fees in the amount of $3,823.50 is reasonable.  This Court further finds that the amount of costs requested by Genesis is reasonable and should also be awarded.

Genesis submitted the required evidence supporting its claim.  Screens Plus has had more than ample opportunity to pay the invoices, but has neither paid them nor responded to this lawsuit.  According, this Court finds that a default judgment should be entered.

---

[42]      See, e.g., *Midland Funding, LLC v. Urrutia*, 13-459 (La. App. 5 Cir. 12/19/13); 131 So.3d 474, 475; *Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, 432 So.2d 419, 422 (La. App. 1 Cir. 1983); *Dyna Intern. Corp. v. Mashburn*, 397 So.2d 1080, 1082 (La. App. 4 Cir. 1981); *Monlezun v. Fontenot*, 379 So.2d 43, 46 (La. App. 3 Cir. 1979).

CONCLUSION

Based on the foregoing analysis of facts and legal principles, this Court recommends that the plaintiff's application for default judgment should be GRANTED, and further recommends that Genesis should be awarded the sum of $156,609.97 in unpaid invoices plus costs in the amount of $544.01, plus attorneys' fees in the amount of $3,823.50, for a total judgment of $160,977.48.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

-18-

Signed at Lafayette, Louisiana on this 7th  day of November 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE